UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-CV-09808-SK                          Date: January 20, 2026

Title      Bianca Alicia Gonzalez v. General Motors LLC

Present: The Honorable:  Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:**      (IN CHAMBERS) **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [ECF 10]**

**I.
BACKGROUND**

In November 2022, plaintiff Blanca Gonzalez purchased a new 2023 Cadillac CT5 manufactured by defendant General Motors, LLC ("GM").  (ECF 1-1 at 12–13).  Plaintiff alleges the vehicle displayed defects during the applicable warranty period and GM could not repair it after a reasonable number of attempts.  (*Id.* at 13).  She further alleges GM failed to timely repurchase or replace the nonconforming vehicle as required by California's Song-Beverly Consumer Warranty Act.  (*Id.*) (citing Cal. Civ. Code § 1793.2).  Plaintiff adds that GM's failure was "willful"—in that GM "knew of their legal obligations and intentionally declined to follow them"—and therefore seeks authorized civil penalties of up to two times her actual damages.  (*Id.* at 13–14) (citing Cal. Civ. Code § 1794(c)).  For such willful violations, as Plaintiff correctly understood, the Song-Beverly Act provides for "a civil penalty of up to two times Plaintiff's actual damages." (*Id.*).  Based on these allegations, Plaintiff sued GM in Los Angeles County Superior Court for violations of the Song-Beverly Act.  (ECF 1 at 1; ECF 1-1 at 12–16).  In her complaint, plaintiff demanded actual damages, consequential and incidental damages, the maximum civil penalty allowed under the Song-Beverly Act, and reasonable attorney's fees and costs.  (ECF 1-1 at 16).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:25-CV-09808-SK                         Date: January 20, 2026

Title        Bianca Alicia Gonzalez v. General Motors LLC


GM answered and later removed the case to federal court invoking federal diversity jurisdiction under 28 U.S.C. § 1332.  (ECF 1 at 1; ECF 1-2).  In its removal notice GM alleged complete diversity of citizenship and an amount in controversy exceeding $75,000.  (ECF 1 at 3–6).  Because plaintiff's complaint on its face alleged no specific amounts for damages, penalties, or fees and costs, GM estimated the minimum amount in controversy based on the vehicle's known purchase price, less statutory deductions, plus the maximum potential civil penalties.  (ECF 1 at 5).

Plaintiff now moves to remand the action to state court, arguing removal was untimely under 28 U.S.C. § 1446(b) because removability was apparent on the face of the complaint and that, even if removal were timely, GM failed to carry its burden to establish federal diversity jurisdiction.  (ECF 10).  Opposing the motion, GM disputes that the complaint's removability was apparent on its face, thereby requiring its removal no later than 30 days after the complaint's filing in state court.  (ECF 11 at 24–27).  GM also argues that it has met its burden of establishing the required minimum amount in controversy based on reasonably estimated damages, penalties, and attorney's fees calculated from the subject vehicle's sales contract, the vehicle's repair history, and fee practices of plaintiff's attorneys in similar lemon-law cases.  (ECF 11-1; ECF 11-2; ECF 11-3).  Based on these calculations, GM asserts that the amount in controversy here is at least $153,936.42, even excluding possible attorneys' fees.  (ECF 11 at 28–29).

**II.**
**DISCUSSION**

**A.  Timeliness of Removal**

A defendant may remove a civil action from state court if the federal court would otherwise have original jurisdiction had the action been filed there first.  *See* 28 U.S.C. § 1441(a).  But removal is subject to certain deadlines under 28 U.S.C. § 1446(b).  If removability is readily ascertainable from a complaint, the defendant must remove within 30 days of receiving the complaint.  *See* 28 U.S.C. § 1446(b)(1).  If not so apparent on the face of the complaint, the defendant must remove within 30 days of receiving "an amended pleading, motion, order or other paper" from which removability is readily ascertainable after the complaint's service.  28 U.S.C. § 1446(b)(3).  In either case, "notice of removability under § 1446(b) is determined through examination of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:25-CV-09808-SK                    Date: January 20, 2026

Title       Bianca Alicia Gonzalez v. General Motors LLC


four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693–94 (9th Cir. 2005).  Otherwise, if independent investigation is needed to determine removability, the defendant has up to—but no more than—one year to make that determination and timely remove the case to federal court when invoking federal diversity jurisdiction.  *See* 28 U.S.C. § 1446(c).

It is undisputed that GM removed this action about five months after service of the complaint.  (ECF 10-1 at 2–3).  Plaintiff contends that GM's removal was thus untimely under § 1446(b)(1) because removability—under § 1332—was apparent on the face of the complaint.[1]  Alternatively, plaintiff contends that removal was untimely because GM possessed pre-suit materials sufficient to ascertain removability under § 1446(b)(3) no later than 30 days after the complaint was served.  But neither precondition for notice of removability under subsection 1446(b)(1) or (b)(3) existed when the complaint was filed in state court.  *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018).  Plaintiff's arguments to the contrary are not well-taken.

To start, jurisdiction under § 1332 requires both (1) complete diversity of citizenship between the parties, and (2) an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a).  Because the first requirement "speaks of citizenship, not of residency," a "natural person's state citizenship is then determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A person is domiciled in a state where they live and intend to remain permanently.  *See Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020).  So while "a person's residence constitutes *some* evidence of domicile," *id.*, "residency is not equivalent to citizenship." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).  Here, because plaintiff's complaint alleged only her state of residence, her state of citizenship wasn't readily ascertainable based on the complaint alone.  (*See* ECF 1-1 at 12).

---

[1] Plaintiff mistakenly argues the federal Magnuson-Moss Warranty Act ("MMWA") created an additional ground for removal, but there is no MMWA claim in the complaint.  (ECF 10 at 6; *see* ECF 1-1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-CV-09808-SK                    Date: January 20, 2026

Title      Bianca Alicia Gonzalez v. General Motors LLC

Nor was § 1332's second requirement—the amount in controversy—readily ascertainable on the face of the complaint.  As plaintiff concedes, her complaint itself nowhere alleges any dollar amounts for damages, penalties, or attorney's fees and costs. (ECF 10 at 10, 12).  Plaintiff argues only that a dollar figure was disclosed on the "accompanying Civil Case Cover Sheet" where she checked the box for a suit seeking "damages above $35,000"—the minimum amount in controversy needed to invoke the unlimited civil jurisdiction of state courts.  (ECF 10 at 12).  But a cover sheet is neither an "initial pleading" nor "other paper" under § 1446(b).  *See Carvalho v. Equifax Info. Servs. LLC*, 629 F.3d 876, 886 (9th Cir. 2010).  And even if it were, alleging damages in excess of $35,000 (and solely on a civil cover sheet for state court, no less) doesn't make it apparent that the higher minimum amount in controversy required by federal law is met.  *See id.*

Finally, plaintiff mistakenly argues that pre-suit communications between the parties constituted "other paper[s]" under § 1446(b)(3).  (ECF 10 at 6; ECF 13 at 6). Only amended pleadings, motions, orders, or other papers disclosed *after* the complaint's filing or service can count under § 1446(b)(3).  Otherwise, the removal statute permits no "hybrid" theory combining pre-complaint information with an indeterminate complaint to trigger the 30-day removal clock under § 1446(b)(3). *Carvalho*, 629 F.3d at 885–86.  GM's notice of removal was thus not untimely just because the parties may have exchanged pre-complaint documents revealing either plaintiff's state citizenship or the required minimum amounts in controversy under federal law.

### B.  Proof of Amount in Controversy

The amount in controversy needed to establish federal jurisdiction is the "amount at stake in the underlying litigation." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)).  Depending on the case, the amount in controversy may include compensatory and punitive damages, as well as attorneys' fees available under a fee-shifting statute or contract.  *See id.*  In all events, though, it reflects the maximum recovery the plaintiff could—not necessarily will—obtain.  *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019).  It is intended only as a plausible estimate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:25-CV-09808-SK                              Date: January 20, 2026

Title        Bianca Alicia Gonzalez v. General Motors LLC


of the "total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

Because GM is the removing party, it bears the burden of establishing the amount in controversy when removal is challenged. *See More-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Where, as here, the amount in controversy is not readily ascertainable on the face of the complaint, GM must establish that minimum jurisdictional amount by a preponderance of the evidence. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992 (9th Cir. 2022). The parties may submit "summary-judgment-type evidence" relevant to the amount in controversy at the time of removal, *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015), and the removing defendant may rely on reasonable assumptions grounded in the record. *See Harris v. KM Indus., Inc.*, 980 F.3d 694, 701 (9th Cir. 2020).

Under the Song-Beverly Act, as recently amended, the vehicle buyer may obtain actual damages equal to "the purchase price paid by the buyer, less that amount directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(1). Here, GM calculated actual damages using evidence from plaintiff's purchase agreement and available repair history. (ECF 11 at 28–29; ECF 11-1 at 2). According to that evidence, plaintiff purchased a new 2023 Cadillac CT5 for $56,188.64. (ECF 11 at 28–29). From the vehicle repair history, GM estimated plaintiff used the vehicle for 8,106 miles before the alleged nonconformity was discovered. (*Id.*). Deducting the mileage offset and other statutory offsets from the purchase price yielded $51,312.14 in plausible actual damages. (*Id.*).

In addition, though, the Song-Beverly Act provides for a civil penalty of up to "two times the amount of actual damages" if a defendant's failure to comply with the Act was willful. Cal. Civ. Code § 1794(c). "Courts treat the Song-Beverly Act's civil penalties akin to punitive damages," which are properly considered in the amount in controversy calculation. *Gonzales v. Ford Motor Co.*, 2025 WL 1166056, at *5 (C.D. Cal. Apr. 21, 2025) (quoting *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 901 (S.D. Cal. 2021)). Here, plaintiff alleges that GM "willfully" violated the Song-Beverly Act and seeks "up to" the maximum statutory civil penalty of "two times Plaintiff's actual damages." (ECF 1-1 at 13–15). Thus, GM added the maximum civil penalty amount—two times

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-CV-09808-SK                    Date: January 20, 2026

Title      Bianca Alicia Gonzalez v. General Motors LLC

$51,312.14—to the actual damages figure, resulting in a total amount of $153,936.42, even before possible attorney's fees or costs. (ECF 11 at 28–30).

Based on that proffered evidence, GM has met its burden to show that the plausible amount at stake exceeds the jurisdictional threshold by a preponderance of the evidence. *See Guglielmino*, 506 F.3d at 699. For her part, plaintiff never disputes any material part of the evidence GM produced and relied on for its calculations. (ECF 13 at 7–9). The court thus has no reason to question GM's most current estimated figure of $51,312.14 in actual damages. *See, e.g., Pulver v. Nissan N. Am., Inc.*, 2025 WL 1766529, at *4 (C.D. Cal. June 25, 2025). Nor does plaintiff provide convincing reasons to doubt GM's evidence plausibly suggesting that a civil penalty may be awarded here. (ECF 13 at 10–13). As the subject vehicle's repair history produced by GM reveals, plaintiff presented the allegedly nonconforming vehicle at least six times before filing suit. (ECF 11-1 at 2; ECF 11-3). This evidence, especially when combined with the (presumably good-faith) allegations in plaintiff's own complaint seeking a maximum civil penalty for willful violations, is sufficient to show that an amount as much as three times $51,312.14—i.e., $153,936.42—is plausibly at stake in this suit, even excluding attorney's fees. *See Ruiz v. Nissan N. Am., Inc.*, 2025 WL 1911691, at *5 (C.D. Cal. July 11, 2025); *see also Newtok Vill. v. Patrick*, 21 F.4th 608, 616 (9th Cir. 2021) ("[P]laintiff is the master of his complaint."). No more evidence than that about GM's alleged willfulness is required for removal purposes. *See, e.g., Perez v. General Motors LLC*, 2025 WL 2985229, at *3–4 (C.D. Cal. Oct. 22, 2025); *Brooks v. Ford Motor Co.*, 2020 WL 2731830, at *2 (C.D. Cal. May 26, 2020).

**III.**

**CONCLUSION**

For these reasons, plaintiff's motion to remand this action to state court (ECF 10) is DENIED.[2]

IT IS SO ORDERED.

---

[2] A scheduling conference order under Federal Rule of Civil Procedure 16 will be entered separately soon after this order.